IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VICTOR G. GILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-01370 ) Judge Trauger |
| WALMART, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Victor Gill has filed a pro se Complaint for Employment Discrimination (Doc. No. 1) under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, claiming discrimination and wrongful termination by Defendant Walmart. He has attached to the Complaint a notice of his right to sue (Doc. No. 1-1 at 1) issued by the Equal Employment Opportunity Commission less than 90 days before his Complaint was filed, as well as the charge of discrimination he filed before that agency, the notice of separation filed with the state, and the state's notice of denial of his claim to workers' compensation. (*Id.* at 2–4.) The plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. The Filing Fee**

The plaintiff's IFP application sufficiently demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

**II. Initial Review**

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Review of the plaintiff's filings reveals that his claims of discrimination are sufficiently pled to proceed for further development. In the charge of discrimination attached to (and referenced in) the Complaint, the plaintiff asserts that he was injured on the job, was wrongly disciplined because of the accident, took medical leave in order to have a procedure to address his medical condition, was denied a requested accommodation upon his return to work, and was ultimately discharged "because of [his] disabilities" and otherwise discriminated against based on his "race (AA), age (62), and disability." (Doc. No. 1-1 at 2.) The charge provides dates for all of these events, beginning with the plaintiff's April 2021 injury and ending with his October 2022

discharge. (*Id.*) Liberally construing the plaintiff's Complaint to include "claims that are reasonably related to or grow out of the factual allegations in the EEOC charge," *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010), the court finds that it is sufficient to survive initial review and proceed for further development.

**III. Further Proceedings**

Defendant Wal-Mart Stores East, LP, filed an Answer to the Complaint on January 31, 2024. (Doc. No. 6.) Accordingly, this matter is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The plaintiff is cautioned that he must keep the court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

3

Case 3:23-cv-01370     Document 8     Filed 02/05/24     Page 3 of 3 PageID #: 39